UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-24517-LEIBOWITZ/LOUIS

SOCKET SOLUTIONS, LLC,

     *Plaintiff*,

*v.*

IMPORT GLOBAL, LLC,

     *Defendant*.

_____/

## ORDER AFFIRMING AND ADOPTING
## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the Report and Recommendation by United States Magistrate Judge Lauren F. Louis's on Plaintiff's Motion for Preliminary Injunction [ECF No. 74] ("P.I. Report"), filed September 9, 2024. The undersigned referred Plaintiff's Motion for Preliminary Injunction under 35 U.S.C. § 283 [ECF No. 12] (the "Motion") to Judge Louis for disposition pursuant to 28 U.S.C. § 636(b)(1). [ECF No. 23]. In the P.I. Report, Judge Louis recommends that the Motion, filed January 8, 2024, be granted. [ECF No. 74 at 1, 23]. Defendant objected to the P.I. Report [ECF No. 85] ("Objections" or "Defendant's Objections"), and Plaintiff responded ("Response" or "Plaintiff's Response") [ECF No. 91].[1]

After conducting a *de novo* review of the record, including the transcript from the May 7, 2024, evidentiary hearing on the Motion [ECF Nos. 62, 77], the parties' briefs [ECF Nos. 12, 22, 24] and exhibits, Defendant's Objections, Plaintiff's Response, the factual record and the relevant law, I agree

---

[1] Plaintiff struck its initial response [ECF No. 89] because counsel failed to include a signature block [*See* ECF No. 92].

with Judge Louis's conclusions.  Judge Louis's factual findings are supported by the record, and I find

that Plaintiff has satisfied its burden of establishing the four elements required to obtain a preliminary

injunction in a patent infringement case.  With respect to Judge Louis's findings as to all four

prerequisites for issuance of a preliminary injunction, the Court **ADOPTS** the Report and

Recommendation [ECF No. 74] and **GRANTS** Plaintiff's Motion [ECF No. 12].  Defendant's

Objections [ECF No. 85] are **OVERRULED**.  As Judge Louis found, Plaintiff has established (1) a

likelihood of success on the merits as to Claim 19 of the '080 Patent, (2) that irreparable harm would

result were the injunction not to issue, (3) that the balance of hardships tips in Plaintiff's favor, and

(4) that a preliminary injunction is in the public interest.

## I.      BACKGROUND

In the Complaint, Plaintiff alleges Defendant's Accused Product (the "Neat Socket")

"infringe[s] at least claim 19 of the '080 Patent by practicing each limitation of that claim."  [ECF No.

1 ¶ 31].  Claim 19 of the '080 Patent reads (in full) as follows:

> An apparatus for hiding a standard indoor electrical wall outlet having at least two
> receptacles while affording continued use of said outlet, the apparatus comprising:
>     a. a cover comprising:
>         (i) a frontplate; and
>         (ii) a backplate comprising at least one set of electrical prongs including
>         a hot prong, a neutral prong, and optionally a ground prong, positioned
>         to correspond to a first receptacle of the wall outlet; and
>     b. an electrical cord extending from the backplate, or the cover, said cord
> comprising at the cords proximal end:  at least one hot pin, at least one neutral pin and
> optionally a ground wire positioned on or fastened or attached to the backplate of the
> cover in such manner as to minimize distance between the front plate and the
> backplate, and respectively connected to or associated with the hot prong, neutral
> prong and any ground prong on the exterior of the backplate; and comprising at the
> cord's distal end at least one receptacle, and wherein the height of the hot pin, neutral
> pin, and any ground wire is approximately the same or less than the thickness of the
> cord.

'080 Patent at 8:65–9:20.

Judge Louis recommended the construction of six (6) disputed claim terms found in Claim 19

in the Report and Recommendation on Claim Construction ("C.C. Report") filed on September 9,

2024 [ECF No. 73].  I adopted Judge Louis's recommended construction of the disputed claim terms, with slight modification, after fully considering the parties' Objections [ECF Nos. 82, 83] and after a *de novo* review of those portions of the record objected to.  [*See* ECF No. 90].

In adopting Judge Louis's Report and Recommendation on Plaintiff's Motion for Preliminary Injunction, I have reviewed the entire record *de novo*.

## II.      LEGAL STANDARDS

### A.      <u>Standard of Review</u>.

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks omitted)).  "Whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he should raise that point in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal."  *United States v. Zinn,* 321 F.3d 1084, 1087–88 (11th Cir. 2003).

A party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the

Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).  When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000)).

To demonstrate plain error, an objector must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings."  *United States v. Gresham,* 325 F.3d 1262, 1265 (11th Cir. 2003).  An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court.  *See Schultz,* 565 F.3d at 1356–57 (citing *United States v. Lejarde–Rada,* 319 F.3d 1288, 1291 (11th Cir. 2003)).

## B.     Preliminary Injunction.

Title 35, United States Code, Section 283, gives this Court the power to grant an injunction to prevent the violation of a patent right.  As the moving party, the plaintiff must demonstrate its right to a preliminary injunction considering four factors:  (1) reasonable likelihood of success on the merits; (2) irreparable harm will occur unless the injunction issues; (3) that the irreparable harm will exceed the harm to the alleged infringer if the injunction issues; and (4) the impact of the injunction on the public interest.  *See Hybritech, Inc. v. Abbott Labs.,* 849 F.2d 1446, 1451 (Fed. Cir. 1988).  "These factors, taken individually, are not dispositive; rather, the district court must weigh and measure each factor against the other factors and against the form and magnitude of the relief requested."  *Id.*

### III.    DISCUSSION

Defendant's Objections to the P.I. Report fall into three main categories: (1) general dissatisfaction with the Magistrate Judge's characterization of Defendant's arguments and/or perceived lack of attention thereto; (2) reargument of the construction of disputed claim terms "pin" and "backplate"; and (3) general disagreement with the Magistrate Judge's findings and conclusions. [*See* ECF No. 85].  Defendant's general grievances contain very few objections to specific findings. Nevertheless, the Court addresses all of Defendant's points of contention below.

### A.    General Objections.

For starters, Defendant complains about the time allotted for filing objections to the P.I. Report, which Defendant characterizes as "the most critical Order in the case."  [ECF No. 85 at 1]. With "only six working days to respond" to both the P.I. Report and C.C. Report, Defendant says: "as a result of these harsh requirements," Defendant "had to 'buy' three extra days from Plaintiff to respond to The Report at the cost of agreeing that Plaintiff can file an unopposed Motion for an additional week to [Defendant's] response to the R&R [on the] P.I."  [ECF No. 85 at 1–2].

Defendant's Unopposed Urgent Motion of Extension of Time of Three Days To Submit Objections [ECF No. 79], which the Court granted [ECF No. 81], states in full as follows:

> Import Global, LLC respectfully submits this Urgent Unopposed Motion for an Extension of Time of three days to Submit Objections to Report and Recommendations on Plaintiff's Motion for Preliminary Injunction (Dkt. 74) ("R &R Preliminary Motion") issued September 9, 2024 with a deadline of September 17, 2024. At the same time the R & R Preliminary Motion issued, the Court issued a Report and Recommendation on Claim Construction with the deadline of September 17, 2024 for objections. The Defendant's Objections to the Report and Recommendations on Claim Construction will be filed timely; however, that work prevented the timely preparation of a response to the R & R Preliminary Motion. Thus, Import Global is requesting an additional three days so that the deadline for responding to the R & R Preliminary Motion is September 20, 2024 from September 17, 2024.

[ECF No. 79 at 1].

Defendant's frustration with the time for filing objections is news to the Court. Defendant only requested an additional three (3) days' extension to file its objections, and the request was granted. If ten (10) days was not sufficient time to file objections to the P.I. Report, Defendant should have said so or asked for more time. It did not. Moreover, Defendant has not pointed to any prejudice it suffered by having to file its objections no later than September 20, 2024.

Next, Defendant makes general objections to which the Court need not respond. *See Schultz*, 565 F.3d at 1360–61. Defendant's general objections are as follows:

- The Report "acknowledges the Hearing… held May 7, 2024 which according to the Court… lasted 4 hours and 40 minutes; however, the Court did not address key arguments presented at that Hearing." [ECF No. 85 at 2]. Defendant fails to specify what the "key arguments" were. This objection is **OVERRULED**.

- "The Court did not respond to key arguments presented by Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction… filed June 19, 2024." [*Id*.]. Defendant fails to specify what the "key arguments" were. This objection is **OVERRULED**.

- The Court did not update the P.I. Report before it was issued despite the Court's simultaneous issuance of the C.C. Report. [*Id*.]. Here, Defendant argues that "[t]he importance of claim construction to prove infringement is pointed out by the Court…. The Court, however, appears to have ignored its own guidelines in concluding infringement is likely to be proven." [*Id*.]. Defendant does not specify what "guidelines were ignored. This objection is **OVERRULED**.

In sum, Defendant generally objects to the P.I. Report

> on the basis of the unfair timing and the many omissions of [Defendant's] arguments disputing issues, and ignoring many of [Defendant's] arguments before the Court. It is respectfully submitted that The Report is incomplete for many reasons for the reasons as stated above, and issues to be objected to herein as to facts and the law.

[ECF No. 85 at 2].  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to."  *See Schultz*, 565 F.3d at 1361.  Defendant's general objections do not meet this standard.  These general objections are **OVERRULED**.

### B.    Likelihood of Success on the Merits.

Defendant objects that the Magistrate Judge failed to consider all six (6) disputed claim terms when analyzing the Plaintiff's "likelihood of success on the merits"—the first of four factors the court must consider when deciding whether to issue a preliminary injunction.  Defendant argues that because Judge Louis considered only the construction of claim terms "pin" and "backplate," her "likelihood of success on the merits" determination was flawed and incomplete.   [ECF No. 85 at 3].  Stated another way, Defendant objects that Judge Louis determined that Plaintiff has a likelihood of success on the merits without factoring in *all* disputed claim terms.  [*Id.*].  This argument is a red herring.  The Claim Construction Report was filed on the same day as the P.I. Report, which allowed Defendant to specifically challenge how factoring in other disputed terms, such as "cover," plays into and potentially changes the analysis in Defendant's favor.  [*See* ECF No. 73].  Defendant did not, however, point to *any* other specific claim term that it says would have made a difference.

Additionally, Defendant cites no authority to support its contention that a failure by the court to include all disputed claim terms in the court's preliminary injunction analysis is error.  Nevertheless, the Court has reviewed *de novo* the recommended (and adopted) construction of all six disputed claim terms ("cover"; "backplate"; "hot pin/neutral pin"; "minimize distance"; "thickness of the cord"; and "approximately the same or less than [the thickness of the cord]") [ECF Nos. 73, 90] and concludes that Plaintiff has a likelihood of success on the merits when Claim 19 (as construed by the Court) is compared to Defendant's Accused Product.  Accordingly, this **OBJECTION** is **DENIED AS MOOT,** in light of the Court's *de novo* review of all six disputed claim terms.

*(i)  "Pin" and "Backplate" Constructions.*

Next, Defendant objects to the construction of the claim terms "pin" and "backplate" as set forth in the P.I. Report [ECF No. 85 at 4–5].

As for the construction of the term "pin," Defendant contends that its Accused Product does not infringe on the '080 Patent "because it does not have a 'hot pin' or a 'neutral pin' as required by Claim 19." [ECF No. 85 at 4]. Defendant further objects that "Plaintiff's expert, Dr. Spenko… ha[d] a construction for 'pin' that is entirely different from the parties and the Court" and argues that Judge Louis "elected to ignore" the expert's opinion and "many arguments in documents already before the Court" in an "obvious effort to use infringement as the goal for the Court to determine claim construction." [Id.].

The Court takes each "pin" argument in turn. First, the P.I. Report reflects that Judge Louis squarely considered Defendant's argument that its Accused Product does not have a "hot pin" or a "neutral pin" as follows:

> Defendant first asserts that the Accused Product does not infringe the '080 Patent because it does not have a "hot pin" or "neutral pin," as required by Claim 19…. Defendant asserts that [the Accused Product] does not utilize pins, but rather utilizes solder to conduct an electrical connection. Defendant contends that the soldered connections cannot be considered [pins] because the liquid solder is integrated into the wires and are not independently distinguishable from the wires.

[ECF No. 74 at 4]. So, Defendant's contention that Judge Louis ignored its "pin" argument is belied by the record. Second, as for Defendant's argument that Plaintiff's expert testified to a "pin" definition different from that advanced by Plaintiff and the Court, Defendant cites to its own interpretation of Dr. Spenko's testimony as follows: "Neither the 'hot pin' or the 'neutral pin' according to Socket's Expert make an electrical connection; instead, *the pins are the points where electrical connections are made*, according to Socket's Expert." [ECF No. 70 at 14 (emphasis added).] Quite so.

Upon *de novo* review, Dr. Spenko's definition of "pin" is consistent with that of the Court and Plaintiff. Judge Louis construed "pin" as "a *means for making an electrical connection* between the [hot/neutral] wire and the [hot/neutral] prong." [ECF No. 73 at 16 (emphasis added)]. Defendant

proposed construing "pin" as a "mechanical system *for making an electrical connection* between the [hot/neutral] wire and the [hot/neutral] prong." [ECF No. 70 at 12 (emphasis added)]. Plaintiff proposed "a structure *for making an electrical connection* between the [hot/neutral] wire and the [hot/neutral] prong." [*See* ECF No. 73 at 13]. Thus, Defendant mischaracterizes Dr. Spenko's definition of "pin," and Defendant is incorrect that Dr. Spenko's definition is "different" from what Judge Louis and Plaintiff proposed.

More importantly, Defendant fails to cite any authority for the proposition that it is error for the court to construe a claim term differently from the definition put forward by an expert. Judge Louis applied the proper rules for construing the term "pin", as this Court found in its Order adopting the Construction Claim Report. [*See* ECF No. 90 at 10–12]. Judge Louis first considered the intrinsic evidence and gave the term "pin" a meaning that an ordinary person skilled in the art would have understood. As for Dr. Spenko, Judge Louis relied on his testimony on this point for two things: (1) Dr. Spenko's unrebutted opinion that someone with a Bachelor of Science degree in mechanical or electrical engineering or its equivalent, who has an understanding of basic principles of electricity and mechanical design, would be a person of ordinary skill in the art [*see* ECF No. 73 at 4–5]; and (2) Dr. Spenko's opinion that that the undisputed modifiers of "pin"— "hot" and "neutral"— would be understood by an ordinary person skilled in the art as referring to the direction of the electrical current flow [*see id.* at 13 n.3]. After conducting a *de novo* review of the entire record related to Defendant's "pin" arguments, **this OBJECTION is OVERRULED.**

Turning now to Defendant's "backplate" objections. Here, Defendant accuses the Magistrate Judge of "endeavoring to construe claim terms with the goal of proving infringement." [ECF No. 85 at 5]. Defendant continues, "the issue of 'proving' infringement has been inserted by the Court as a component of claim construction. This is unfair to Import Global." [*Id.*] Finally, Defendant "submit[s] that it appears that the goal of the Court is to construe the claims to support arguments for

infringement even though the Court has omitted any reference to an infringement analysis by Plaintiff anywhere in its [P.I. Report]." [*Id.*]. In support of these bald assertions, Defendant confusingly cites to the last sentence of the paragraph on page 6 in the P.I. Report which reads: "Thus, Defendant argues that the Accused Product does not infringe the '080 Patent." [ECF No. 74 at 6].

After a *de novo* review of the record evidence related to the construction of the claim term "backplate," the Court can only surmise that Defendant misreads the law and the analysis required at the preliminary injunction stage. All the well-established standards of review at play here were accurately and concisely summarized years ago by the Honorable Patricia A. Seitz in our District:

> In the patent context, "a reasonable likelihood of success" requires a showing of validity and infringement.… Thus, [Plaintiff] had to show that, in light of the presumptions and burdens that will inhere at trial on the merits, (1) it will likely prove that [Defendant's product] infringes [the patent], and (2) its infringement claim will likely withstand [Defendant's] challenges to the validity of [the patent].

*In re Terazosin Hydrochloride Antitrust Litig.*, 352 F. Supp. 2d 1279, 1302 (S.D. Fla. 2005) (Seitz, J.) (citing *Reebok Intern. Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1555 (Fed. Cir. 1994); *Genentech, Inc., v. Novo Nordisk, A/S, et al.*, 108 F.3d 1361, 1364 (Fed. Cir. 1997)). If the Defendant asserts an infringement or invalidity defense that the patentee cannot prove "lacks substantial merit," the preliminary injunction should not issue. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350–51 (Fed. Cir. 2001) (citing *Genentech*, 108 F.3d at 1364).

Judge Louis correctly applied this test. Judge Louis construed the term "backplate" as well as the other disputed claim terms. [*See* ECF No. 73 at 5–20]. Then, Judge Louis compared her construction of Claim 19 to Defendant's Accused Product and determined that Plaintiff will likely prove that Defendant's Accused Product infringes the '080 Patent, and Plaintiff's infringement claim will likely withstand Defendant's challenges to the validity of the '080 Patent. [*See* ECF Nos. 73, 74]. On this record, Judge Louis correctly concluded that Plaintiff satisfied the first factor for obtaining a preliminary injunction—likelihood of success on the merits.

The Court also notes that nowhere does the record suggest that Judge Louis construed disputed claim terms to achieve any purpose other than what is required of the court at the preliminary injunction stage.  Quite the contrary.  The record clearly reflects that Judge Louis worked diligently and fairly with the parties to construe Claim 19 in a manner that stays true to the claim language and most naturally aligns with the patent's description of the invention.  *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005).  That effort includes the four-hour *Markman* hearing referenced in Defendant's Objections Memorandum.  After a *de novo* review of the record related to Defendant's "backplate" arguments, **this OBJECTION is OVERRULED.**

## C.   Invalidity and Indefiniteness.

Defendant's general invalidity and indefiniteness arguments are sparse.  While Defendant contends that claim terms "minimize the distance" and "approximately" render Claim 19 "indefinite" and thus invalid [ECF No. 85 at 5–6], rather than explain how they do, Defendant accuses the Court of bias:

- "It is sad that it appears that the Court is working with a bias against Import Global as suggested by the Court ignoring its own Order to find against Import Global despite evidence in hand."

- "Basically, the Court made it a point to state that whatever Defendant argued was wrong so that the conclusion for a preliminary injunction could be recommended."

- "With all due respect, it appears that the Court's reliance on Plaintiff's Expert is only important if it supports the Plaintiff.  This is not fair."

[ECF No. 85 at 5–7].

"Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  *Schultz*, 565 F.3d at 1361.  Accordingly, the Court need not address

Defendant's unsupported conclusory statements.  Moreover, if Defendant is attempting to show plain

error, it missed the mark.  To demonstrate plain error, an objector must show that: "(1) an error

occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the

fairness of the judicial proceedings." *Gresham*, 325 F.3d at 1265.  Defendant's unsubstantiated claims

of bias and unfairness do not suffice.  That is especially true in light of this record-- showing as clear

as day that Judge Louis conducted exceedingly fair proceedings.  As Justice Scalia explained in *Liteky*

*v. United States*, 510 U.S. 540 (1994), regarding judicial bias:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality
> motion … Second, opinions formed by the judge on the basis of facts introduced or
> events occurring in the course of the current proceedings, or of prior proceedings, do
> not constitute a basis for a bias or partiality motion unless they display a deep-seated
> favoritism or antagonism that would make fair judgment impossible.  Thus, judicial
> remarks during the course of a trial that are critical or disapproving of, or even hostile
> to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality
> challenge.  They may do so if they reveal an opinion that derives from an extrajudicial
> source; and they will do so if they reveal such a high degree of favoritism or antagonism
> as to make fair judgment impossible … Not establishing bias or partiality, however, are
> expressions of impatience, dissatisfaction, annoyance, and even anger, that are within
> the bounds of what imperfect men and women, even after having been confirmed as
> federal judges, sometimes display.

*Id.* at 555–56 (citations omitted) (emphasis removed). Defendant's disagreement and dissatisfaction

with the Magistrate Judge's informed rulings are not a valid basis for claiming bias.  Indeed, any claims

of bias against Judge Louis here are, in this Court's view, wholly without basis and entirely improper.

Turning back to Defendant's blanket assertions that the claim terms "minimize distance" and

"approximately" are indefinite and thus render the '080 Patent invalid, Judge Louis correctly analyzed

this issue.  [*See* ECF No. 74 at 8–12].  First, Judge Louis correctly found that Defendant failed to

"substantiate its [invalidity] challenge with evidence." [*Id.* at 9].  At the preliminary injunction stage,

Defendant bears the burden "to come forward with evidence of invalidity."  *Titan Tire Corp. v. New*

*Case Holland, Inc.*, 566 F.3d 1372, 1377 (Fed. Cir. 2009).  The record does not reflect that Defendant

met its burden here.  Notwithstanding that failure, Judge Louis nevertheless "considered the argument and f[ou]nd that Defendant has not raised a substantial question of validity."  [ECF No. 74 at 9].

Starting with the term "minimize distance," Judge Louis determined that although "the claim language of minimize the distance is a term of degree, it provides objective boundaries—the fixed thickness of the cord."  [*Id.* at 10].  Because the term of degree is tied to an objective boundary, Judge Louis concluded that "minimize distance" is not impermissibly indefinite.  After a *de novo* review, the undersigned adopts Judge Louis's well-reasoned analysis on this point.

Regarding the term "approximately," Judge Louis properly concluded that "'[s]imilar to the term "minimize the distance,' approximately is a term of degree that is subject to the objective boundary of the fixed thickness of the cord."  [*Id.* at 11].  Here, Judge Louis relied on the Declaration of Plaintiff's expert, Dr. Matthew Spenko.  Dr. Spenko attested that a person having ordinary skill in the art would understand the term "approximately" as having its ordinary meaning of "about" or "not significantly more or less than."  [*Id.* (citing ECF No. 59-2 ¶ 43)].   Judge Louis found Dr. Spenko's uncontroverted testimony credible.  [*Id.* at 12].   Dr. Spenko opined that the degree of precision required in engineering depends on the nature of the product, reflected in manufacturing tolerances, which set the limits on the acceptable degree of variance from a precise value.  [*Id.*].  Considering the nature of invention, Dr. Spenko attested that a person having ordinary skill in the art would not expect the term "approximately" to connote a high degree of precision.   Judge Louis found Dr. Spenko's testimony "provide[d] useful background for determining whether a person of ordinary skill in the art would understand the term 'approximately' in the Claim as a term of degree, and … [d]espite Defendant's challenge that the specification's use of 'approximately' lacks clear definition, the specification does in fact provide 'certain inherent parameters of the claimed apparatus, which to a skilled artisan may be sufficient to understand the metes and bounds of spaced relationship.'"  [ECF

No. 74 at 12 (citing *Biosig Instruments, Inc. v. Nautilus, Inc.*, 783 F.3d 1374, 1377 (Fed. Cir. 2015) (rejecting indefiniteness challenge to contested term "spaced relationship"))].

After *de novo* review, the Court adopts Judge Louis's conclusion that "with an objective boundary and in the absence of any evidence to the contrary, the term 'approximately' provides reasonable certainty in the specific context of the present invention." [ECF No. 74 at 12]. Consequently, Defendant's indefiniteness and invalidity Objections are **OVERRULED**.

### D.   <u>Anticipation and Obviousness</u>.

Defendant's entire objection as to anticipation and obviousness is as follows: "Import Global does not agree with the Court's analysis, but will not argue the issues without surrendering Import Global's right to argue the issue and supplement the arguments at another time." [ECF No. 85 at 7]. Defendant cannot preserve or reserve findings or conclusions not objected to. The Court warned the parties in its P.I. Report that:

> Failure to timely file objections will bar a de novo determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

[ECF No. 74 at 24]. Thus, Defendant neither preserved its "anticipation or obviousness" arguments for further review nor reserved them for a later date. *See Zinn,* 321 F.3d at 1087–88. So, even though these objections are not properly before the Court, the undersigned has considered Defendant's arguments made in its memorandum opposing Plaintiff's Motion for Preliminary Injunction [ECF No. 22 at 22–23] and finds them lacking.

Looking at the P.I Report, Judge Louis correctly evaluated Defendant's arguments and rejected them. As to anticipation, Judge Louis concluded:

> Though Defendant comes forward with a prior art reference, Defendant does not further expand beyond conclusory argument how the prior art reference anticipates Claim 19. Defendant does not review Claim 19 in comparison to the text of the Kao Reference. Instead, Defendant merely attaches an exhibit to its Response that displays

> figures from the Kao Reference alongside the language from Claim 19. (ECF No. 22-8). Establishing that a prior art reference discloses each and every claim element and limitation is not a "perfunctory exercise." *See Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 12-CV-691-T-24, 2014 WL 4545857, at *5 (M.D. Fla. Sept. 12, 2014). It is not the Court's duty to make Defendants' arguments and search the record for evidence supporting those arguments. *See id.* Moreover, even with the attached exhibit and as Plaintiff notes, Defendant does not identify how the Kao Reference discloses Claim 19's limitation that the wall outlet cover has "at the cord's distal end at least one receptacle" or that "the height of the hot pin, neutral pin, and any ground wire is approximately the same or less than the thickness of the cord." '080 Patent at 9:15–19.

[ECF No. 74 at 14]. The undersigned agrees. Merely attaching the Kao and other prior art references does not establish anticipation-- by a long shot. As far as Defendant's obviousness argument goes, Judge Louis also correctly determined:

> Beyond conclusory argument that the Kao Reference and the Hector Jr. Reference support a finding of obviousness, Defendant does not address the four questions of fact to be reviewed by this Court. While at this stage Defendant need only raise a substantial question that Claim 19 is obvious, Defendant's conclusory argument fails to meet even this burden. Indeed, Defendant does not attempt to demonstrate that there is "some suggestion, motivation, or teaching in the prior art that would have led a person of ordinary skill in the art to select the references and combine them in the way that would produce" Claim 19. *Karsten Mfg. Corp. v. Cleveland Golf Co.*, 242 F.3d 1376, 1385 (Fed. Cir. 2001); *Sanofi-Synthelabo v. Apotex Inc.*, 488 F. Supp. 2d 317, 336 (S.D.N.Y.), aff'd, 470 F.3d 1368 (Fed. Cir. 2006) ("[M]ere identification in the prior art of each element is insufficient to defeat the patentability of the combined subject matter as a whole. Rather, a party alleging invalidity due to obviousness must articulate the reasons one of ordinary skill in the art would have been motivated to select the references and to combine them." (quoting *Abbott Labs. v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1336 (Fed. Cir. 2006))).

[ECF No. 74 at 15]. The Court has reviewed the entire record on anticipation and obviousness and adopts Judge Louis's well-considered rulings.

In sum, *de novo* review on Defendant's arguments regarding anticipation and obviousness (which objections have not been preserved) confirms Judge Louis's ultimate ruling that:

> While Defendant has presented some evidence to support its arguments of anticipation and obviousness, the evidence presented fails to raise a substantial question as to the validity of Claim 19 on the basis of anticipation or obviousness. Thus, the undersigned finds that Socket Solutions' infringement claim will likely withstand Import Global's challenges to the validity of the '080 Patent at this posture.

[ECF No. 74 at 15].  Accordingly, **these OBJECTIONS (had they been properly made) are OVERRULED.**

### E.   <u>Infringement of Claim 19</u>.

Defendant objects that the Magistrate Judge cited the "rule for proving infringement" without referring to "an infringement analysis anywhere in the Report," and thereby leaps to the conclusion that the "portion of [t]he Report on the issue of infringement is based on an undisclosed infringement analysis apparently known only to the Court."  [ECF No. 85 at 7].  Once again, rather than advance its challenge, Defendant complains about bias (which, again, is entirely unsupported):

> The Report is severely biased against Import Global by judging the issue of infringement based on an unidentified infringement analysis apparently known only to the Court.  If, however, the Court actually had in mind an infringement analysis, Import Global speculated that would likely be the only infringement analysis in the record:  The infringement analysis in Motion for Preliminary Injunction …" (Dkt. No. 12), p. 14, last paragraph to 21, to and including the two figures on p. 21.

[*Id.*].  From here, Defendant pivots to our "severely biased" Magistrate Judge's treatment of Plaintiff's analysis:

> Plaintiff never updated its infringement analysis. Plaintiff left out the important first step of even a proposed claim construction, but the Court has no comment on this oversight by Plaintiff despite the many new issues raised as to claim construction, particularly claim elements overlooked in Plaintiff's analysis from January 19, 2024.

[*Id.* at 7–8].  Then, Defendant doubles back to object to Judge Louis's assessment of Defendant's "three primary contentions" as to non-infringement:  (1) "The Accused Product does not have 'pins'"; (2) "The Accused Product has components mounted on the frontplate, not the backplate"; and (3) "The Accused Product does not … minimize the distance between the frontplate and the backplate." [*Id.* at 8].

The undersigned has reviewed all of Defendant's arguments and evidence as to its alleged non-infringement *de novo*.  The Court finds no error at all and concurs entirely with Judge Louis.  (One wonders if more wild accusations of bias are forthcoming.)  Accordingly, **Defendant's Objection**

**(that its Accused Product does not infringe Claim 19 at the preliminary injunction stage) is OVERRULED**.

> **F.**    **Irreparable Harm, Public Interest, and Balance of Harms.**

In its memorandum opposing Plaintiff's Motion for Preliminary Injunction [ECF No. 22], Defendant did not address at all the remaining three prongs that a patentee must establish to obtain a preliminary injunction— the irreparable harm, balance of harms, and public interest prongs.   Instead, Defendant chose to focus on the first prong:

> Of the four stated legal requirements for a preliminary injunction … Import Global has decided to address only the first issue as to the likelihood of Socket Solutions' success on the merits.  Import Global will show that the '080 Patent is invalid and not infringed.

[ECF No. 22 at 11].  Judge Louis, therefore, correctly determined that this part of the preliminary injunction analysis was uncontroverted.  [*See* ECF No. 74 at 20–21].

Nevertheless, Defendant now objects to Judge Louis's affording Plaintiff the presumption of irreparable harm in light of her finding that Plaintiff made a clear showing of patent validity and infringement.  [ECF No. 74 at 20-22].  In short, Defendant contends that Judge Louis made no such finding; so, Plaintiff is not entitled to the presumption. [ECF No. 85 at 11].  Further, Defendant objects to Judge Louis's reliance on Mr. Insalaco's testimony that "[a]bsent a preliminary injunction, [Plaintiff] would lose the value of its patent [as] well as suffer irreparable harm," on the grounds that the Court did not qualify Mr. Insalaco as an expert.  [*Id.* at 13].

Taking each objection in turn, Judge Louis was correct that Plaintiff was entitled to the presumption of irreparable harm.  *See Pfizer, Inc. v. Teva Pharms., USA, Inc.*, 429 F.3d 1364, 1380 (Fed. Cir. 2005).  Furthermore, Judge Louis addressed Defendant's objection to Mr. Insalaco's testimony as follows:

> Defendant objected to the weight that should be given to Insalaco's Declaration as it pertains to its characterizations of market share loss because it fails to provide support for those ascertains.  The Court agrees with Defendant that Insalaco's assertions of

> market share loss lack meaningful substantiation and thus should be afforded less weight. However, Defendant does not provide contrary evidence on this point at this posture, other than the fact that other alleged infringers too make up the market. Thus, the undersigned will still consider Insalaco's assertions in this inquiry, albeit with less weight than if the assertions were substantiated.

[ECF No. 74 at 20 n.2]. The undersigned's *de novo* review of Mr. Insalaco's declaration and Judge Louis's reliance thereon confirms that Judge Louis afforded the testimony the proper weight on the issue of irreparable harm.

Finally, Defendant objects to Judge Louis's determination that the issuance of a preliminary injunction is in the public interest. On this point, Defendant says that the public's interest is in encouraging competition. [ECF No. 85 at 13]. Judge Louis acknowledged the value of competition in the marketplace and correctly concluded as follows:

> The Court recognizes that Plaintiff has a right to exclude based on its patent, just as Defendant generally has a right to compete. *Advantus, Corp.*, 2013 WL 12122313, at *11. In the present case, however, Insalaco attests to the fact that the Accused Product undercuts the price of its product on Amazon by approximately 20 percent. (ECF No. 12-1 at ¶ 17). "While the general public certainly enjoys lower prices, cheap copies of patented inventions have the effect of inhibiting innovation and incentive. This detrimental effect, coupled with the public's general interest in the judicial protection of property rights in inventive technology, outweighs any interest the public has in purchasing cheaper infringing products." *Douglas Dynamics, LLC v. Buyers Prod. Co.,* 717 F.3d 1336, 1346 (Fed. Cir. 2013).

[ECF No. 74 at 22–23]. Accordingly, the Court finds no error here.

To wrap up and in view of the foregoing, the undersigned agrees with the Magistrate Judge that Plaintiff met its burden to show it meets the criteria for a preliminary injunction. The Court will, therefore, require Plaintiff to post a bond to indemnify Defendant for the losses it will suffer from the issuance of this injunction were it to prevail ultimately in the suit. *See* Fed. R. Civ. P. 65(c).

## IV.   CONCLUSION

Having carefully reviewed the parties' briefs, the Report, Defendant's Objections, Plaintiff's Response, the transcript from the May 2, 2024, and July 18, 2024, hearings, the factual record, the applicable law, and being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** that

the Report and Recommendation [**ECF No. 74**] is **AFFIRMED AND ADOPTED**.  Plaintiff's

Motion for Preliminary Injunction [**ECF No. 12**] is **GRANTED.**  Defendant's Objections [**ECF**

**No. 85**] are **OVERRULED**.[2]

It is **FURTHER ORDERED** that the parties must jointly propose the scope of the

injunction that will issue, to include the amount of bond to be posted by Plaintiff, **no later than**

**October 4, 2024.**

**DONE AND ORDERED** in the Southern District of Florida this 27th day of September,

2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:      counsel of record

---

[2] The Court includes and incorporates the Exhibits attached to this Order found in the docket at ECF
Nos. 1, 12, and 12-1.

*Socket Solutions, LLC v. Import Global, LLC*, No. 1:23-cv-24517-DSL (S.D. Fla.)
**Exhibits to Orders Adopting Reports and Recommendations ECF Nos. 73, 74**



[ECF No. 1 ¶ 29].



[ECF No. 12-1 ¶ 18]

*Socket Solutions, LLC v. Import Global, LLC*, No. 1:23-cv-24517-DSL (S.D. Fla.)
**Exhibits to Orders Adopting Reports and Recommendations ECF Nos. 73, 74**





[ECF No. 12 at 15].

*Socket Solutions, LLC v. Import Global, LLC*, No. 1:23-cv-24517-DSL (S.D. Fla.)
**Exhibits to Orders Adopting Reports and Recommendations ECF Nos. 73, 74**





[ECF No. 12 at 15, 12].



[ECF No. 12 at 13].

*Socket Solutions, LLC v. Import Global, LLC*, No. 1:23-cv-24517-DSL (S.D. Fla.)
**Exhibits to Orders Adopting Reports and Recommendations ECF Nos. 73, 74**



[ECF No. 12 at 25].